[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13033
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cr-00173-PGB-EJK-1

UNITED STATES OF AMERICA,

                                                     Plaintiff-Appellee,

versus

DENNIS J. NAGLE,

                                                     Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 27, 2021)

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Dennis Nagle appeals his conviction and sentence for corruptly endeavoring to obstruct and impede the administration of the internal revenue laws of the United States. We find no reversible error and therefore affirm.

I.

For more than a decade, Dennis Nagle used several different tactics to avoid paying taxes and to obstruct and delay the IRS in its efforts to collect the taxes he owed. At various times, he failed to report income or to file a tax return; hid assets in a sham limited liability company; repeatedly sent correspondence to the IRS making baseless arguments about why he supposedly did not have to pay taxes; made in-person statements to IRS agents falsely promising to comply with tax laws going forward; completed W-4 forms falsely claiming that he was exempt from tax withholding; altered or deleted the verification of accuracy on his tax return forms; sent the IRS numerous bad checks written on a closed bank account, a "bill of exchange," promissory notes, and other forms of payment that, while worthless, automatically triggered a release of liens and delayed collections; used a mailbox store address and mail forwarding to conceal his home address; and refused to provide his home address when asked. On at least two occasions, he intercepted correspondence from the IRS to his employer, and he sent responses on behalf of the company (without his employer's knowledge) refusing to withhold employment taxes and stating that the company would not comply with an IRS

levy on Nagle's employment income.  Nagle also wrote to a former employer demanding that it not comply with an IRS levy on his pension, falsely stating that the levies were invalid and that another employer agreed with his position and was refusing to cooperate, or (on another occasion) that he had paid his taxes and the levies had been released.  And he threatened to sue or did sue various entities for complying with IRS levies and threatened to file criminal charges against his former employer and an IRS revenue officer.

Nagle was charged in a one-count indictment with obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).  Nagle proceeded to trial, and a jury found him guilty as charged.  The district court sentenced him to three years in prison followed by one year of supervised release.  This is Nagle's appeal.

## II.

Nagle argues that his conviction should be vacated because of prosecutor misconduct.  Such allegations present mixed questions of fact and law that we review de novo.  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).  He also argues that the district court erred in calculating his Sentencing Guidelines sentencing range by using a guideline applicable to tax evasion to calculate his base offense level and by applying an enhancement for the use of "sophisticated means" in the commission or concealment of the offense.  We review the district

court's legal interpretation of the Guidelines de novo. *United States v. Feaster*, 798 F.3d 1374, 1380 (11th Cir. 2015). We review the court's relevant factual findings—including the finding that the defendant used sophisticated means—for clear error. *Id.*

## A.

First, we address Nagle's challenge to his conviction, which is based on his argument that statements made by the prosecutor in his closing rebuttal argument rose to the level of prosecutorial misconduct. Specifically, Nagle argues that the prosecutor wrongly represented to the jury that it could find him guilty as charged based on "corrupt acts" that were not specifically alleged in the indictment. Nagle contends that this argument was contrary to the jury instructions that the parties had previously agreed to and implied to the jury that it should disregard the instructions given by the court.

We will not vacate a defendant's conviction and grant a new trial based on prosecutorial misconduct unless we conclude not only that the prosecutor's remarks were improper, but also that they prejudicially affected the defendant's substantial rights. *United States v. Leonard*, 4 F.4th 1134, 1148 (11th Cir. 2021). "The defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the comments, the outcome of the trial would have been different." *United States v. Rivera*, 780 F.3d 1084, 1096 (11th Cir. 2015).

Here, even assuming for the sake of argument that the prosecutor's comments were improper, a new trial is not warranted because there is no reasonable probability that the outcome of the trial would have been different if the prosecutor had not made the comments. First, the evidence that Nagle committed at least one of the "corrupt acts" listed in the indictment—including Nagle's own testimony admitting to much of the conduct alleged—was overwhelming. And second, even if the prosecutor's comments could be understood as an argument that the jury should disregard the court's instructions, as Nagle argues, the court cured any potential for misunderstanding by giving the jury its instructions immediately afterward, including an instruction that "You must follow the law as I explain it, even if you do not agree with the law, and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law." Because the prosecutor's comments did not prejudicially affect Nagle's substantial rights, we reject his argument that his conviction should be vacated.

## B.

Nagle also challenges the district court's calculation of his Sentencing Guidelines sentencing range. He argues that the district court erred by using § 2T1.1 of the Guidelines to determine his base offense level. We do not agree.

5

The Statutory Index appended to the Sentencing Guidelines manual specifies the offense guideline section in Chapter Two that applies for the statute of conviction.  The Index provides that either § 2J1.2 (for obstruction of justice) or § 2T1.1 (for tax evasion and similar conduct) applies for a violation of the Omnibus Clause of 26 U.S.C. § 7212(a).  Nagle argues that the district court should have used § 2J1.2 because he was "charged with and convicted of endeavoring to 'obstruct and impede the due administration of the internal revenue laws.'"

But the Statutory Index states that if "more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the *offense conduct* charged in the count of which the defendant was convicted." U.S.S.G. Statutory Index, App. A (emphasis supplied).  The offense conduct charged in Nagle's indictment recounts Nagle's numerous and varied attempts to avoid paying his taxes by, among other things, failing to file returns or pay taxes and submitting false or fraudulent documents and statements.  The conduct covered by § 2J1.2, the obstruction-of-justice guideline, is "frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense." U.S.S.G. § 2J1.2, background.  Section 2T1.1, on the other hand, applies to conduct such as tax evasion; the willful failure to file returns, supply information, or pay taxes; and

6

filing fraudulent or false returns, statements, or other documents.  U.S.S.G.
§ 2T1.1.  The district court did not err in using § 2T1.1 to calculate Nagle's base
offense level because the guideline for tax evasion is more appropriate to the
offense conduct charged.

C.

The Sentencing Guidelines provide for a two-level enhancement to the
defendant's offense level under § 2T1.1 if the offense involved "sophisticated
means."  U.S.S.G. § 2T1.1(b)(2).  According to the guideline application notes,
"sophisticated means" refers to "especially complex or especially intricate offense
conduct pertaining to the execution or concealment of an offense," including
conduct "such as hiding assets or transactions, or both, through the use of fictitious
entities, corporate shells, or offshore financial accounts."  *Id.*, comment. (n.5).
"Although the mere failure to report income to an accountant does not involve
sophisticated means, a defendant need not use offshore bank accounts or
transactions through fictitious entities in order for the enhancement to apply."
*United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009) (internal citation
omitted).  And even if each of the defendant's actions, taken alone, was not
sophisticated, the enhancement may be applied if the overall scheme was
sophisticated.  *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010).

7

Here, we cannot say that the district court erred in applying the sophisticated-means enhancement. Nagle developed a long-term strategy for impeding and delaying the IRS's attempts to collect on his tax debt while waiting for portions of the debt to become uncollectable due to the ten-year statute of limitations. His tactics in implementing his scheme were creative and varied, and were apparently based on a careful study of tax laws and IRS collection methods. He created documents meant to look like negotiable instruments in order to trigger a release of tax liens; hid assets in a sham company; requested a "collection due process" hearing to "stop the clock" on IRS levies; used his position in his employer's company to intercept IRS correspondence, obstruct a levy on his salary, and attempt to obstruct another levy on his pension benefits; and consulted with others on additional tactics to defer collections as long as possible. We find no clear error in the district court's finding that Nagle's overall scheme involved the use of sophisticated means to carry out his offense.

IV.

For the foregoing reasons, we affirm Nagle's conviction and sentence.

**AFFIRMED.**

8